UNITED STATES DISTRICT COURT FOR
SOUTHERN DISTRICT OF FLORIDA

Case No.: 26-cv-20307-JB

JORGE ALEJANDRO ERAZO
FIGUERA,

      Petitioner,

v.

GARRETT RIPA, in his official capacity as
Field Office Director of U.S. Immigration and
Customs Enforcement Miami Field Office,
*et al.*,

      Respondents.
_____/

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** comes before the Court upon Petitioner Jorge Alejandro Erazo Figuera's Verified Petition for Writ of Habeas Corpus (the "Petition"). ECF No. [1]. Respondents filed a Response Opposing Petition for Writ of Habeas Corpus and Petitioner filed a Traverse. ECF Nos. [10], [11]. Upon due consideration of the parties' submissions, the pertinent portions of the record, and the applicable law, for the reasons explained below, the Petition is **GRANTED IN PART**.

I.    **BACKGROUND**

Petitioner is a Venezuelan citizen who has resided in the United States since May 2022. ECF No. [1] ¶ 11. On June 1, 2022, Border Patrol filed a Notice to Appear ("NTA"), charging Petitioner with inadmissibility under section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") as "an alien present in the United States

1

who has not been admitted or paroled," and thereby initiated removal proceedings against Petitioner under 8 U.S.C. § 1229(a). ECF Nos. [8] at 11, [9-3] ¶ 7, [9-4] at 1.

Petitioner was transferred into United States Immigration and Customs Enforcement ("ICE") custody on October 10, 2025. ECF Nos. [1] ¶ 28, [9-3] ¶ 10. Petitioner is currently being held at the Krome Processing Center ("Krome") in Miami, Florida. ECF Nos. [1] ¶ 31, [9-3] ¶ 11, [9-5].

On January 7, 2026, Petitioner appeared before an Executive Office for Immigration Review ("EOIR") immigration judge ("IJ") for a master calendar. ECF No. [1] ¶¶ 4, 30, 70.[1] The IJ denied bond without conducting a dangerousness or risk of flight determination, concluding that the court lacked jurisdiction over Petitioner's detention status pursuant to the Board of Immigration Appeals' ("BIA") published decision in *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), which found that IJs lack authority to consider bond requests of noncitizens who have resided in the United States but have not been admitted or paroled because those individuals are subject to mandatory detention without bond under 8 U.S.C. § 1225(b)(2). *See id.*; 29 I. & N. Dec. at 221.

On January 16, 2026, Petitioner filed the instant Petition. ECF No. [1]. Petitioner raises four claims, one of which is asserted in the alternative. Count I alleges that Petitioner's continued detention without a bond hearing contravenes the INA because the mandatory detention provision at 8 U.S.C. § 1225(b)(2) was

---

[1] Other than the allegations in his Petition, there is no IJ order in the record that reflects that this hearing took place.

improperly applied to him, as a person who previously entered the United States and was residing in the country before being placed in removal proceedings. *Id.* ¶¶ 65–67. Counts II and III allege that Petitioner's continued detention without an individualized bond hearing violates procedural and substantive due process. *Id.* ¶¶ 68–76. Count IV is an alternative claim, brought in the event the Court finds that Petitioner is subject to mandatory detention, for injunctive relief requiring Respondents to provide Petitioner with evidence of his parole out of custody pursuant to 8 C.F.R. § 235.1(h)(2). *Id.* ¶¶ 77–82. Petitioner requests that the Court declare that Respondents' "actions or omissions violate the Due Process Clause of the Fifth Amendment of the U.S. Constitution and/or the INA" and order Respondents to "provide [ ] Petitioner with a prompt and constitutionally adequate bond hearing before an immigration judge with jurisdiction under 8 U.S.C. ¶ 1226(a), at which the government bears the burden of proving by clear and convincing evidence that continued detention is justified." *Id.* at 19(c), (d).

Petitioner also requests two other forms of alternative relief. First, Petitioner requests, "[i]n the alternative," that the Court declare that Petitioner's release from physical DHS custody was a parole under 8 U. S. C. § 1182(d)(5)(A), and that Respondents unlawfully failed to provide the Petitioner with evidence of his parole at the time of his release from custody as required by 8 C.F.R. § 235.1(h)(2). Second, and again "[i]n the alternative," Petitioner asks that the Court order the Respondents to provide petitioner with evidence of his parole out of custody "via Form I-94 relating

3

to the time of his original release from DHS custody on [June 1, 2022]." *Id.* at 19(e), (f).

## II. ANALYSIS

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who shows that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### A. Exhaustion

Respondents argue that the Court should dismiss the Petition because Petitioner has not exhausted his remedies in that he has not sought a bond redetermination hearing before an Immigration Judge. ECF No. [10] at 6. In response, Petitioner suggests that continuing to pursue administrative relief would be futile given the BIA's recent decision in *In re Yajure Hurtado,* 29 I. & N. Dec. 216 (B.I.A. 2025). ECF No. [11] at 7–8. Respondents' argument misses the mark.

The exhaustion requirement under 8 U.S.C. § 1252(d)(1) "is not jurisdictional," but prudential. *Kemokai v. U.S. Att'y Gen.*, 83 F.4th 886, 891 (11th Cir. 2023) (acknowledging the abrogation of prior Eleventh Circuit precedent interpreting § 1252(d)(1) as a jurisdictional bar by *Santos-Zacaria v. Garland*, 598 U.S. 411, 413 (2023)). In *In re Yajure Hurtado*, the BIA rejected the precise argument Petitioner

4

raises here. 29 I. & N. Dec. at 220 ("Under the plain reading of the INA, we affirm the [IJ's] determination that he did not have authority over the bond request because aliens who are present in the United States without admission are applicants for admission as defined under . . . 8 U.S.C. § 1225(b)(2)(A), and must be detained for the duration of their removal proceedings."). The BIA issued *In re Yajure Hurtado* as a published decision, and such decisions "serve as precedents in all proceedings involving the same issue or issues." 8 C.F.R. § 1003.1(g)(2); *see also id.* § 1003.1(d)(1).

Thus, considering *In re Yajure Hurtado*, it appears evident that a noncitizen like Petitioner, who has resided in the United States for years but has not been admitted or paroled, will be subject to mandatory detention without bond under section 1225(b)(2) upon review by the BIA. *See In re Yajure Hurtado*, 29 I. & N. Dec. at 221. Administrative "exhaustion is not required where[,]" as here, "an administrative appeal would be futile[.]" *Linfors v. United States*, 673 F.2d 332, 334 (11th Cir. 1982) (citing *Von Hoffberg v. Alexander*, 615 F.2d 633, 638 (5th Cir. 1980)). Therefore, since any "bond appeal to the BIA is nearly a foregone conclusion under *In re Yajure Hurtado*, any prudential exhaustion requirements are excused for futility." *Puga v. Assistant Field Off. Dir., Krome North Serv. Processing Ctr.*, 25-cv-24535, 2025 WL 2938369, at *2 (S.D. Fla. Oct. 15, 2025); *see also Jefry Josue Del Cid Del Cid and Marlon Letona Marroquin v. Pamela Bondi*, 2025 WL 2985150, at *13 (W.D. Pa. Oct. 23, 2025); *Guerrero Orellana v. Moniz*, --F. Supp. 3d--, 2025 WL 2809996, at *4 n.2 (D. Mass. Oct. 3, 2025); *Inlago Tocagon v. Moniz*, --F. Supp. 3d--, 2025 WL

5

2778023, at *2 (D. Mass. Sept. 29, 2025); *Roman v. Noem*, No. 25-cv-01684, 2025 WL 2710211, at *5 (D. Nev. Sept. 23, 2025).

### B. Legality of Petitioner's Mandatory Detention

Respondents contend that Petitioner's entry into the United States without inspection or admission renders him an "applicant for admission" under 8 U.S.C. section 1225(b)(2)(A), making him subject to mandatory detention and ineligible for a bond hearing. ECF No. [10] at 4–5. Petitioner asserts that his detention is governed by 8 U.S.C. section 1226(a), which allows for the release of noncitizens on bond. ECF Nos. [1] ¶ 44, [11] at 2–5. The Court examines each of these statutes in turn.

   i.   **8 U.S.C. § 1225**

Section 1225 governs the inspection, detention, and removal of applicants for admission. *See* 8 U.S.C. § 1225 *et seq*. Applicants for admission are defined as noncitizens "present in the United States who ha[ve] not been admitted" or those "arriv[ing] in the United States." *Id.* All applicants for admission "must be inspected by immigration officers to ensure that they may be admitted into the country consistent with U.S. immigration law." *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018).[2] To that end, "U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2)." *Id.* at 289 (emphasis added).

---

[2] Indeed, *Jennings* began its analysis by emphasizing the temporal and categorical distinction between the detention statutes. Section 1225 applies to noncitizens who are "seeking admission into the country" at the border or a port of entry, whereas section 1226 governs those "already in the country pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 285–89.

"Section 1225(b)(1) applies to all aliens initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation." *Id.* Such noncitizens are generally subject to expedited removal "without further hearing or review." 8 U.S.C. § 1225(b)(1). However, if the noncitizen expresses "an intention to apply for asylum" or a fear of persecution," the statute requires referral to an interview with an immigration officer. *Id.* § 1225(b)(1)(A)(ii). If the immigration officer finds a "credible fear," the noncitizen "shall be detained for further consideration of the application for asylum." *Id.*

On the other hand, "Section 1225(b)(2) is broader" and "serves as a catchall provision that applies to all applicants for admission not covered by § 1225(b)(1)." *Jennings*, 583 U.S. at 287. Noncitizens covered under § 1225(b)(2) are detained for removal proceedings "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted" into the country. 8 U.S.C. § 1225(b)(2)(A). Importantly, detention under § 1225(b)(2) is mandatory. *See Gomes v. Hyde*, No. 25-cv-11571, 2025 WL 1869299, at *8 (D. Mass. July 7, 2025).

    ii.    <u>8 U.S.C. § 1226</u>

Federal immigration law "also authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 289 (emphasis added). Section 1226(a) provides that when a noncitizen has been "arrested and detained pending a decision on whether the alien is to be removed from the United States," the Attorney General may either continue to detain

7

the individual or release them on bond or conditional release. *See* 8 U.S.C. § 1226(a). The statute thus "establishes a discretionary detention framework." *Gomes*, 2025 WL 1869299, at *2. Importantly for purposes of the instant action, "[f]ederal regulations provide that aliens detained under [section] 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *see also Lopez Benitez v. Francis*, No. 25-Civ-5937, 2025 WL 2371588, at *13 (S.D.N.Y. Aug. 13, 2025) ("To be sure, a noncitizen detained under [section] 1226(a) is undoubtedly entitled to a bond hearing before an immigration judge.").

### iii. Petitioner's Detention Is Governed By 8 U.S.C. § 1226(a), Not 8 U.S.C. § 1225(b)(2)

The question of whether section 1225(b)(2) or section 1226(a) governs Petitioner's detention is a question of statutory interpretation squarely within the Court's jurisdiction. *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *3 (E.D. Mich. Sep. 9, 2025) (noting that the interplay of these two sections is a matter "of statutory interpretation belong[ing] historically within the province of the courts.") (citing *Loper Bright Enter. v. Raimondo*, 603 U.S. 369, 386 (2024)); *Barrios v. Shepley*, No. 25-cv-00406, 2025 WL 2772579, at *5 (D. Me. Sept. 25, 2025) (district court had jurisdiction to review petitioner's challenge to the "statutory framework" regarding his detention); *see Gomes,* 2025 WL 1869299, at *8 n.9 ("Courts must exercise independent judgment in determining the meaning of statutory provisions"); *Mosqueda*, 2025 WL 2591530, at *7 (district court had jurisdiction to decide whether § 1225 or § 1226 applied as "[t]hese are purely legal questions of statutory interpretation.").

From the outset of Petitioner's case, DHS proceeded under section 1226. Specifically, DHS's Notice of Custody Determination stated that Petitioner was being released on his own recognizance "[p]ursuant to the authority contained in section 236 of the Immigration and Nationality Act," codified at section 1226. ECF No. [8] at 15. Additionally, the NTA that DHS issued to Petitioner did not classify him as an "arriving alien." ECF Nos. [8] at 11, [9-4] at 1. Instead, the NTA charged him as "present in the United States without being admitted or paroled." *Id*. This classification places him squarely within section 1226. *See e.g., Pizarro Reyes*, 2025 WL 2609425, at *8 (emphasizing ICE's selection of "present" rather than "arriving" on the NTA as evidence that § 1226 applied); *see also Hyppolite v. Noem*, No. 25-4304, 2025 WL 2829511, *8 (E.D.N.Y. Oct. 6, 2025) (respondent's initial classification of petitioner "certainly is relevant to the Court's assessment of the credibility and good faith of 'Respondents' new position as to the basis for [Hyppolite's] detention, which was adopted post hoc and raised for the first time in this litigation.'") (citation omitted); *Perez v. Berg*, No. 25-cv-494, 2025 WL 2531566, at *2 (D. Neb. July 24, 2025) ("The Court notes that the government itself charged Petitioner as an alien present in the United States who has not been admitted or paroled rather than an arriving alien.") (quotations omitted).

In addition, "[w]hereas [section] 1225 governs removal proceedings for 'arriving aliens,' [section] 1226(a) serves as a catchall." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *5 (E.D. Mich. Sept. 9, 2025). As the Supreme Court stated in *Jennings*, section 1226 "creates a default rule" that "applies to aliens

9

already present in the United States." *Jennings*, 583 U.S. at 303.  The inclusion of a "catchall" provision in section 1226, particularly following the more specific provision in section 1225, is "likely no coincidence, but rather a way for Congress to capture noncitizens who fall outside of the specified categories." *Pizarro Reyes*, 2025 WL 2609425, at *5; *see also Barrera*, 2025 WL 2690565, at *4 (citation omitted).  The circumstances surrounding Petitioner's detention align with section 1226(a), not section 1225(b)(2).  Indeed, other Courts in this Circuit and District have uniformly rejected Respondents' expansive interpretation of section 1225.  *See, e.g.*, *Gil-Paulino v. Sec'y of the U.S. Dep't of Homeland Sec.*, 25-cv-24292, ECF No. [41], (S.D. Fla. Oct. 10, 2025) (respondent's interpretation of the INA "directly contravenes the statute" and "disregards decades of settled precedent"); *see also Pizarro Reyes*, 2025 WL 2609425, at *7 ("Finally, the BIA's decision to pivot from three decades of consistent statutory interpretation and call for Pizarro Reyes' detention under § 1225(b)(2)(A) is at odds with every District Court that has been confronted with the same question of statutory interpretation."); *Puga*, No. 25-24535, 2025 WL 2938369, at *3–6; *Merino v. Ripa*, No. 25-23845, 2025 WL 2941609, at *3 (S.D. Fla. Oct. 15, 2025); *Lopez v. Hardin*, No. 25-cv-830, 2025 WL 2732717, at *2 (M.D. Fla. Sept. 25, 2025); *Alvarez v. Morris*, 25-cv-24806, ECF No. [6], (S.D. Fla. Oct. 27, 2024) (collecting cases).

Petitioner's detention is governed by section 1226(a) and, therefore, he is entitled to an individualized bond hearing before an IJ.  As such, Petitioner's mandatory detention under section 1225(b) without conducting a dangerousness and risk of flight determination rests on an incorrect statutory interpretation and

contravenes the INA. Accordingly, Count I of the Petition is meritorious, and Petitioner is entitled to relief thereon.

The Court declines to reach the merits of Petitioner's Fifth Amendment due process claims raised in Counts II and III of the Petition, as it is granting the relief he seeks in Count I. *See, e.g.*, *Puga*, 2025 WL 2938369, at *6 (declining to reach the merits of the petitioner's due process claim because it granted the requested relief in another count, but allowing the due process claim to be reasserted if the respondents do not comply with the court's order to provide a bond hearing or release); *Pizarro Reyes*, 2025 WL 2609425, at *8. Should Respondents fail to comply with this Order by providing Petitioner a bond hearing consistent with section 1226(a), Petitioner may renew his due process claim. Given that Counts II and III are unripe claims contingent on Petitioner not receiving a custody determination hearing under section 1226(a), "the Court must dismiss it without prejudice[.]" *Babilla v. Allstate Ins. Co.*, No. 20-cv-1434, 2020 WL 6870610, at *1 (M.D. Fla. Aug. 27, 2020) (citations omitted); *see also Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all[.]'" (alteration added; quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–81 (1985)). Further, given that the Court is granting relief on Count I, Petitioner's alternative claim in Count IV is likewise dismissed without prejudice.

11

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Petitioner Jorge Alejandro Erazo Figuera's Verified Petition for Writ of Habeas Corpus, ECF No. [1], is **GRANTED IN PART**. Respondents shall afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner.

2. Counts II, III, and IV of the Petition are **DISMISSED WITHOUT PREJUDICE**.

3. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida this 18th day of February, 2026.

_____
**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**